Pro Se Office
United States District Court
Southern District of New York
500 Pearl Street, Room 230
New York, New York 10007



Re: Nimra Butt v. Rogers, et al., #15-CV-4504 (JMF)
Nimra Butt v. Capers, et al., #15-CV-5758(JMF)
<u>**Court's Order to submit five page letter prior to pretrial conference, November10, 2015**</u>

## BRIEF STATEMENT OF THE NATURE OF THE ACTION

1. On August 27 and October 22, 2014, Plaintiff was subjected to an unlawful strip search. Defendant Capers ordered plaintiff to enter a private area and further ordered plaintiff to remove her clothing and expose her breasts and genitalia without cause. Defendant K. Hall was the area supervisor on both occasions and failed to stop the search after Plaintiff appealed for help. Plaintiff brings this suit under 42 U.S.C Section 1983 as her constitutional rights were violated as a result of this unlawful strip search.

2. On December 12, 2014, January 29, 2014 and March 5, 2015, Plaintiff was subjected to an unlawful strip search at the G.R.V.C. Facility. On all the aforementioned dates defendant Adams was present during the strip searches and failed to protect plaintiff from defendant Rogers movements. Defendant Rogers ordered plaintiff to enter a private area and further ordered plaintiff to remove her clothing and expose her breasts and genitalia without cause. Defendant Harvey was the area supervisor on all occasions and failed to stop the search after Plaintiff appealed for assistance. Plaintiff brings this suit under 42 U.S.C. Section 1983 as her constitutional rights were violate as a result of this unlawful strip search.

## JURISDICTION AND VENUE

3. The plaintiff here alleges that a strip search and cavity search were conducted on her person with no reasonable cause/suspicion as mandated by the Fourteenth and Fourth Amendment to the United States Constitution. This Court has jurisdiction of this matter under the General Federal Question statue, 28 USC section 1331 (a). Furthermore, the venue of this action is proper because the action is being taken in the same judicial district the events took place.

## EXISTING DEADLINES, DUE DATES, AND/OR CUT-OFF DATES

4. I am a layperson unfamiliar with the procedures of law and unaware of any deadlines, due dates and/or cut-off dates, and as such, I beg this court for guideance, leniency and patients if such fix times exist

## OUTSTANDING MOTIONS

5. To the plaintiff's knowledge no outstanding motions are pending.

## DISCOVERY

6. Discovery has yet been taken. Subsequent to conference plaintiff will make written request to defendant for all relevant discovery. It is the plaintiff's belief that the following discovery will necessitate settlement negotiations.

a.) Any and all grievances, complaints, or other documents received by the City of New York and D.O.C. concerning the mistreatment of visitors via searches by defendant(s) Rogers, Adams, Harvey, Capers and Hall, and any memoranda, investigative files, or other documents created in response to such complaints

b.) All electronic data and written logs which reflected the time and dates the plaintiff visited Rikers Island and the duration that was taken to process the plaintiff and the inmate for visit.

c.) All video footage of the dates in question.

## SETTLEMENT DISCUSSIONS

7. The plaintiff is open for settlement discussions, however, such discussions have yet to take place.

Dated: November 1, 2015
Kearny, New Jersey

Respectfully Submitted,

Nimra Butt (Pro Se)
79 Windsor Street
Kearny, New Jersey 07032
(347)-623-1085

Pro Se Office
United States District Court
Southern District of New York
500 Pearl Street, Room 230
New York, New York 10007



Re: Nimra Butt v. Rogers, et al., #15-CV-4504 (JMF)
    Nimra Butt v. Capers, et al., #15-CV-5758(JMF)
    <u>Court's Order to submit five page letter prior to
    pretrial conference, November10, 2015</u>

## BRIEF STATEMENT OF THE NATURE OF THE ACTION

1. On August 27 and October 22, 2014, Plaintiff was subjected to an unlawful strip search. Defendant Capers ordered plaintiff to enter a private area and further ordered plaintiff to remove her clothing and expose her breasts and genitalia without cause. Defendant K. Hall was the area supervisor on both occasions and failed to stop the search after Plaintiff appealed for help. Plaintiff brings this suit under 42 U.S.C Section 1983 as her constitutional rights were violated as a result of this unlawful strip search.

2. On December 12, 2014, January 29, 2014 and March 5, 2015, Plaintiff was subjected to an unlawful strip search at the G.R.V.C. Facility. On all the aforementioned dates defendant Adams was present during the strip searches and failed to protect plaintiff from defendant Rogers movements. Defendant Rogers ordered plaintiff to enter a private area and further ordered plaintiff to remove her clothing and expose her breasts and genitalia without cause. Defendant Harvey was the area supervisor on all occasions and failed to stop the search after Plaintiff appealed for assistance. Plaintiff brings this suit under 42 U.S.C. Section 1983 as her constitutional rights were violate as a result of this unlawful strip search.

### JURISDICTION AND VENUE

3. The plaintiff here alleges that a strip search and cavity search were conducted on her person with no reasonable cause/suspicion as mandated by the Fourteenth and Fourth Amendment to the United States Constitution. This Court has jurisdiction of this matter under the General Federal Question statue, 28 USC section 1331 (a). Furthermore, the venue of this action is proper because the action is being taken in the same judicial district the events took place.

### EXISTING DEADLINES, DUE DATES, AND/OR CUT-OFF DATES

4. I am a layperson unfamiliar with the procedures of law and unaware of any deadlines, due dates and/or cut-off dates, and as such, I beg this court for guideance, leniency and patients if such fix times exist

### OUTSTANDING MOTIONS

5. To the plaintiff's knowledge no outstanding motions are pending.

### DISCOVERY

6. Discovery has yet been taken. Subsequent to conference plaintiff will make written request to defendant for all relevant discovery. It is the plaintiff's belief that the following discovery will necessitate settlement negotiations.

a.) Any and all grievances, complaints, or other documents received by the City of New York and D.O.C. concerning the mistreatment of visitors via searches by defendant(s) Rogers, Adams, Harvey, Capers and Hall, and any memoranda, investigative files, or other documents created in response to such complaints

b.) All electronic data and written logs which reflected the time and dates the plaintiff visited Rikers Island and the duration that was taken to process the plaintiff and the inmate for visit.

c.) All video footage of the dates in question.

### SETTLEMENT DISCUSSIONS

7. The plaintiff is open for settlement discussions, however, such discussions have yet to take place.

Dated: November 1, 2015
Kearny, New Jersey

Respectfully Submitted,

Nimra Butt (Pro Se)
79 Windsor Street
Kearny, New Jersey 07032
(347)-623-1085

Pro Se Office
United States District Court
Southern District of New York
500 Pearl Street, Room 230
New York, New York 10007



Re: Nimra Butt v. Rogers, et al., #15-CV-4504 (JMF)
  Nimra Butt v. Capers, et al., #15-CV-5758(JMF)
  **Court's Order to submit five page letter prior to**
  **pretrial conference, November10, 2015**

## BRIEF STATEMENT OF THE NATURE OF THE ACTION

1. On August 27 and October 22, 2014, Plaintiff was subjected to an unlawful strip search. Defendant Capers ordered plaintiff to enter a private area and further ordered plaintiff to remove her clothing and expose her breasts and genitalia without cause. Defendant K. Hall was the area supervisor on both occasions and failed to stop the search after Plaintiff appealed for help. Plaintiff brings this suit under 42 U.S.C Section 1983 as her constitutional rights were violated as a result of this unlawful strip search.

2. On December 12, 2014, January 29, 2014 and March 5, 2015, Plaintiff was subjected to an unlawful strip search at the G.R.V.C. Facility. On all the aforementioned dates defendant Adams was present during the strip searches and failed to protect plaintiff from defendant Rogers movements. Defendant Rogers ordered plaintiff to enter a private area and further ordered plaintiff to remove her clothing and expose her breasts and genitalia without cause. Defendant Harvey was the area supervisor on all occasions and failed to stop the search after Plaintiff appealed for assistance. Plaintiff brings this suit under 42 U.S.C. Section 1983 as her constitutional rights were violate as a result of this unlawful strip search.

### JURISDICTION AND VENUE

3. The plaintiff here alleges that a strip search and cavity search were conducted on her person with no reasonable cause/suspicion as mandated by the Fourteenth and Fourth Amendment to the United States Constitution. This Court has jurisdiction of this matter under the General Federal Question statue, 28 USC section 1331 (a). Furthermore, the venue of this action is proper because the action is being taken in the same judicial district the events took place.

### EXISTING DEADLINES, DUE DATES, AND/OR CUT-OFF DATES

4. I am a layperson unfamiliar with the procedures of law and unaware of any deadlines, due dates and/or cut-off dates, and as such, I beg this court for guideance, leniency and patients if such fix times exist

### OUTSTANDING MOTIONS

5. To the plaintiff's knowledge no outstanding motions are pending.

### DISCOVERY

6. Discovery has yet been taken. Subsequent to conference plaintiff will make written request to defendant for all relevant discovery. It is the plaintiff's belief that the following discovery will necessitate settlement negotiations.

a.) Any and all grievances, complaints, or other documents received by the City of New York and D.O.C. concerning the mistreatment of visitors via searches by defendant(s) Rogers, Adams, Harvey, Capers and Hall, and any memoranda, investigative files, or other documents created in response to such complaints

b.) All electronic data and written logs which reflected the time and dates the plaintiff visited Rikers Island and the duration that was taken to process the plaintiff and the inmate for visit.

c.) All video footage of the dates in question.

## SETTLEMENT DISCUSSIONS

7. The plaintiff is open for settlement discussions, however, such discussions have yet to take place.

Dated: November 1, 2015
Kearny, New Jersey

Respectfully Submitted,

Nimra Butt (Pro Se)
79 Windsor Street
Kearny, New Jersey 07032
(347)-623-1085



